**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4318**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ALLEN HOLT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, District Judge.  (1:05-cr-00320-WLO)

Submitted:  March 12, 2007          Decided:  May 2, 2007

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, Michelle B. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Deanna Davidian, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea, pursuant to a written plea agreement, to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000), the district court sentenced Gregory Allen Holt to a total of 210 months' imprisonment. He appeals, contending he received an unreasonable sentence. We find that the district court properly applied the sentencing guidelines, properly considered the relevant factors and the arguments of counsel and that, therefore, the sentence imposed was reasonable. Accordingly, we affirm the sentence.

Holt argues that the district court failed to provide an adequate explanation of its reasons for imposing the sentence, failed to properly consider all the relevant factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and the sentence is unreasonable because it is greater than necessary under the circumstances.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a), and

determine an appropriate sentence.  Davenport, 445 F.3d at 370.  A post-Booker sentence may be unreasonable for procedural or substantive reasons.  "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons. . . .  A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission."  United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006).

Here, the district court correctly determined the advisory guideline range, and recited in detail Holt's criminal history.  The court also heard from Holt's counsel regarding Holt's attempt to cooperate with the Government.  Moreover, although Holt had no recent convictions, Holt sold cocaine to a confidential informant on five separate occasions in 2005.  Finally, we note the statutory maximum for the offense of conviction is forty years' imprisonment under 21 U.S.C. § 841(b)(1)(B) (2000).  Because the district court sentenced Holt within the guideline range, adequately explained the basis for its sentencing decision, and took into consideration Holt's mitigation arguments, we conclude that the resulting 210-month sentence was reasonable.  See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); United States v. Green, 436 F.3d 449, 457 (4th

Cir.), cert. denied, 126 S. Ct. 2309 (2006).  Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED